# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| MARGARET Y. ROJAS, | ) Case No. ED CV 14-00940 (SH) |
| Plaintiff, | ) MEMORANDUM DECISION AND |
| v. | ) ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636, the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief; Memorandum of Points and Authorities in Support Thereof; Defendant's Brief in

1

Opposition; Plaintiff's Reply; Memorandum of Points and Authorities); and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## I. BACKGROUND

On August 6, 2007, plaintiff Margaret Y. Rojas filed an application for a period of disability and Disability Insurance Benefits, alleging an inability to work since April 1, 2007 due to bipolar and a deteriorated disk. (See Administrative Record ["AR"] 179-89). On December 9, 2009 (following a hearing on July 2, 2009, see AR 57-89), an Administrative Law Judge ("ALJ") issued a decision. The ALJ determined that the plaintiff had severe impairments – "degenerative disc disease of the lumbrosacral spine with residual pain; status-post two surgeries; and a depressive disorder" -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 41-50).

Following the Appeals Council's denial of plaintiff's requests for a review of the hearing decision (see AR1-8, 23-28), plaintiff filed this action in this Court.

Plaintiff solely alleges the ALJ erred in rejecting plaintiff's treating physician's opinion.

For the reasons discussed below, the Court concludes that the ALJ's Decision should be affirmed.

## II. DISCUSSION

Plaintiff asserts that the ALJ failed to give any reason for rejecting the opinion of Dr. Paladugu, plaintiff's treating psychiatrist. Defendant asserts that the ALJ's failure to discuss Dr. Paladugu's opinion was harmless error.

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment

or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(b)-(d). The ALJ "may disregard a treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended). If a treating physician's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the treating physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

In a form entitled "Work Capacity Evaluation (Mental)" dated September 3, 2009, Dr. Geetha K. Paladugu of Inland Psychiatric Medical Group stated that plaintiff had the following limitations: extreme ("Severe Limitations in this area. No useful ability to function in this area.") with respect to the ability to maintain attention and concentration for extended periods; marked ("Serious limitations in this area. The ability to function in this area is severely limited but not precluded.") with respect to the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, the ability to work in coordination with or in proximity to others without being distracted by them, the ability to make simple work-related decisions, the ability to interest appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get alone with co-workers or peers without distracting them or exhibiting behavioral extremes; moderate ("More than slight but less than marked.") with respect to the ability to respond appropriately to changes in the work setting; and slight ("Some mild limitation in this area, but generally functions pretty well.") with respect to the ability to set realistic goals or make plans independently of others. Dr. Paladugu further stated that plaintiff was not

a malinger, that plaintiff's impairment lasted or could be expected to last at least 12 months; and that she anticipated plaintiff's impairments would cause plaintiff to be absent from work an average of 3 or more days a month. (See AR 583-84).

After discussing plaintiff's testimony (noting that her treating psychiatrist was Dr. Paladugu, see AR 73-74) and the medical record, including the opinions of Dr. Smith, the consultative psychiatric examiner, and Drs. Paxton, Swan and Loomis, the State Agency psychiatric consultants (see AR 45-48), the ALJ stated:

> I have given consideration and weight to the findings and conclusions of the psychiatric consultative examiner, Dr. Smith and the State agency review physicians (mental). However, I find that the claimant would have more significant limitations based on her history and complaints. Therefore, I do not give their (sic) conclusions great weight. [¶] I have given the claimant's mental health limitations based on her history and subjective complaints related to concentration and allegations she does not like to be around people. However, the medical records show current treatment to be very minimal and her symptoms to be stable and controlled with medication. Therefore the limitations for non public non complex tasks considers her treatment and subjective complaints. (AR 48-49).

The ALJ found that plaintiff had the Residual Functional Capacity ("RFC")[1] to perform sedentary work "except she is limited to occasional postural activities; she is precluded from working at heights; she is precluded from working on hazardous machinery; she is precluded from climbing ladders, ropes, and scaffolds; and she is precluded from complex jobs that deal with the general public." (AR 44).

Although Dr. Paladugu's opinion about plaintiff's limitations was admitted at the hearing (see AR 73-74; see also AR 582), the ALJ in the Decision did not discuss Dr.

---

[1] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

4

Paladugu's September 3, 2009 opinion. However, in its denial of petitioner's initial request for a review of the ALJ's Decision, the Appeals Council stated it had considered Dr. Paladugu's September 3, 2009 opinion and found that it "included insufficient objective findings or rationale to support" its opinion and therefore gave it no weight. (See AR 23-24). Although Dr. Paladugu's opinion arguably was not new evidence submitted to the ALJ, the Court nonetheless will consider the reasoning of the Appeals Council for rejecting Dr. Paladugu's opinion. See Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993); Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012)("Following Ramirez, we have routinely considered evidence submitted for the first time to the Appeals council to determine whether, in light of the record as whole, the ALJ's decision was supported by substantial evidence.").

The Court finds that the ALJ's failure to provide any reason for rejecting Dr. Paladugu's September 3, 2009 opinion was harmless error. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012)("[W]e have said that an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'"); Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(stating that an ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'"); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)("A decision of the ALJ will not be reversed for errors that are harmless.").

As found by the Appeals Council, there were no supportive clinical or diagnostic findings, and there was no explanation of the bases of the opinion -- the opinion was contained in a check-off report. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996)("The ALJ, however,

permissible rejected [three psychological evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); see also Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989)(holding that the ALJ's decision to reject the treating physician's opinion due to lack of medical evidence was sufficiently "specific and legitimate" and based on substantial evidence in the record). .

Moreover, Dr. Paladugu's opinion was inconsistent with her initial evaluation of plaintiff completed only three weeks before (on August 12, 2009), at which time Dr. Paladugu found severe symptoms only with respect to sexual dysfunction, moderate symptoms with respect to change in energy, guilt/worthlessness, concentration, racting/thoughts/speech, anxiety, and memory loss/confusion, and mild symptoms with respect to depressed mood, sleep disturbance, agitation/irritability, and crying spells. (See AR 601-03; see also AR 599-600 [Physician Progress Notes dated August 20, 2009 and September 3, 2009]). See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009)(holding that the ALJ's decision to reject the treating physician's opinion, in part, since it was inconsistent with the treating physician's own treatment notes was a a specific and legitimate reason supported by substantial evidence); Tommasetti v. Astrue, supra, 533 F.3d at 1041 (holding that an incongruity between a treating physician's opinion and his or her medical records is a specific and legitimate reason for rejecting the treating physician's opinion of a claimant's limitations

Moreover, to the extent that the ALJ rejected Dr. Paladugu's opinion based on the opinions of the consultative psychiatric consultant and the State agency psychiatric consultants (see AR 48, 401-08 [In a report dated January 22, 2008, Dr. Smith, the consultative psychiatric consultant, found that plaintiff was not impaired in her abilities to understand, remember, or complete simple and complex commands, to comply with job rules such as safety and attendance, to respond to change in a normal workplace setting, and to maintain persistence and pace in a normal workplace setting; and that plaintiff was very mildly impaired in her ability to interact appropriately with

supervisors, co-workers, or the public], AR 408-18 [In a Psychiatric Review Technique form dated February 1, 2008, Dr. Paxton, the State Agency psychiatric consultant, found that plaintiff did not suffer a severe impairment], 419-21 [In a Case Analysis form dated December 7, 2007, Dr. Swan, the State Agency psychiatric consultant, found that plaintiff did not suffer a severe impairment], 464-65 [In a Case Analysis form dated June 19, 2008, Dr. Loomis, the State Agency psychiatric consultant, found that plaintiff did not suffer a severe impairment]), the ALJ's reasons were specific and legitimate and based on substantial evidence in the record. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)(holding that an examining physician's opinion may constitute substantial evidence to reject a treating physician's opinion); Magallanes v. Brown, supra, 881 F.2d at 753 (holding that non-examining physician's reports may serve as substantial evidence to reject a treating physician's opinion).

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED: January 6, 2015

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE